(42 App. Div. 328.)

### BEEKMAN et al. v. JONES.

(Supreme Court, Appellate Division, Third Department. July 6, 1899.)

RIGHT OF ACTION.
    Plaintiff, who without authority took water from the state's canal by means of a pipe laid from the canal to his premises, cannot recover damages of defendant, who obstructed the pipe at a point where it was on the state's land.

Appeal from Montgomery county court.

Action before a justice of the peace by Mary L. Beekman and Samuel Beekman against Fred Jones. There was judgment for plaintiffs, from which defendant appealed to the county court. There was verdict for plaintiffs, which was set aside by the county court. From the order setting aside the verdict, plaintiffs appeal. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, and MERWIN, JJ.

H. V. Borst, for appellants.
H. M. Eldridge, for respondent.

LANDON, J.   The plaintiffs dug a ditch across the towpath of the
Erie Canal, and thence down the embankment to their own lands,
adjacent to the canal, and laid a two-inch pipe therein, from the water
in the canal, for about 16 feet, or partly across the towpath, and then
connected a one-inch pipe thereto, and laid the latter in the ditch to
and upon their own lands, in such way as to cause the waters of the
canal to flow through the pipe.   The plaintiffs used the water thus
obtained for irrigating their lands, and thereby increased their pro-
ductiveness.   The defendant stealthily put a basswood plug into the
mouth of the pipe in the canal.   It passed on to the connection be-
tween the two-inch and one-inch pipe, swelled, and stopped further
flow of the water.   The plaintiffs tried in various ways to clear out
the pipe, but without any substantial success, until they obtained a
hint about the plug, and then, digging at the connection of the pipes,
found and removed it.   They then sued the defendant in the justice's
court, and recovered $200 damages, and costs.   The defendant ap-
pealed to the county court, and upon the trial there, before a jury.
they recovered $100 damages.   The county court, upon defendant's
motion, set the verdict aside, upon exceptions taken by defendant.

The Erie Canal is the property of the state.   The plaintiffs show
no right to the use of its waters.   The statute provides that the
canal board, and also the superintendent of public works, may, in
certain specified cases, and upon the observance of the conditions
prescribed, grant permission for the use of the surplus waters of the
canals.   Canal Law, §§ 11, 90–99 (Laws 1894, c. 338).   These condi-
tions have, among other objects, special regard for safeguarding
the canals and their navigation.   Without setting them forth at
length, it will suffice to say that they confer no authority to permit
the tapping of the canal in the manner here employed.   No officer
is authorized to bestow privileges in the public property as if they
were of his private estate, and it is not claimed that any officer as-
sumed to bestow them.   We cannot, therefore, presume that the
plaintiffs were rightfully using the water.   They had no right to the
use of the water from the canal, and therefore no right which the
court can assist, or which the defendant did invade.   Suppose A.
has a cow, which B. daily surreptitiously milks, and C. maliciously
kills the cow.   No one would claim that B. has a cause of action
against C. for depriving him of the supply of milk he was enjoying.
The court does not lend its aid to a party who founds his cause of
action upon his own illegal act.

It is urged that the plaintiffs were in possession of the pipe, and
therefore had sufficient title against a wrongdoer.   The plaintiffs had
no possession of the canal bank, and therefore none of the place
where the defendant plugged the pipe.   Defendant committed no
trespass upon plaintiffs' property.   His act was upon the land of
the state.   The injury to the plaintiffs, if any, is not direct, but conse-
quential.   The plaintiffs cannot complain of the act, as they might
have done if it had been performed on their land, but of its conse-
quences.   The consequences affected no right of the plaintiffs.   If
the state had closed the pipe, the plaintiffs could not complain.   As-
suming that the defendant had no authority from the state, the state

was nevertheless by defendant's act restored to its rights; and for that the plaintiffs can have no cause of action against the defendant, the defendant not having invaded their property. The plaintiffs do not fail because the defendant has made a good defense, but because they have not established any case. If A. is in wrongful possession of B.'s horse, and C. takes the horse from A. without the latter's consent, A. may recover from C., because C. is a mere intermeddler, without a shadow of right; but if C. immediately restores the horse to A., before suit, and A. adopts C.'s act, then B. can make good his defense, because he was acting for the owner's benefit, and the owner ratifies the act. The case supposed differs from the one in hand, because, from its nature, C. would be obliged to explain that he was acting for the owner. But here the plaintiffs cannot state their case without showing that the defendant's act was for the benefit of the owner of the water, and not for himself; that the defendant did not take the water for himself, but simply stopped the owner's further loss of it,— and thus the plaintiffs can state no right in themselves.

The order of the county court should be affirmed, with costs. All concur.